The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach different facts than those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission in its discretion, hereby, REVERSES, the Opinion and Award of Deputy Commissioner William Bost.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are correctly designated.
2. The defendant was self-insured on or about 8 January 1997.
3. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. All parties are properly before the Commission for hearing and the Commission has jurisdiction of the parties and the subject matter.
5. The plaintiff suffered a compensable injury by accident on 8 January 1997 when he slipped in water while fighting a house fire and strained/sprained both knees. As a result of said injury, the plaintiff suffered temporary total disability from 9 January 1997 through 7 February 1997.
6. The defendant filed a Form 60 admitting liability for said injury and has filed Forms 28 and 28B. Said forms are stipulated into evidence.
7. The issue for hearing is whether plaintiff's compensation rate should be calculated as a volunteer fireman or a regular employee.
***********
Based upon all of the competent evidence from the record herein, the Full Commission rejects the findings of fact by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. The plaintiff is a 45-year old, married male who resides in Kings Mountain and, on 8 January 1997, had been employed on a part-time basis as a firefighter for the defendant for 23 years. Also on 8 January 1997, the plaintiff had been employed on a full-time basis as a mail carrier for the United States Postal Service for 23 years.
2. When plaintiff was first hired by defendant in 1973, he was paid $2.50 for each fire he attended to cover his expenses associated with fighting fires. In the late 1980s, the defendant began to pay the plaintiff an hourly wage for the time he actually spends fighting fires.
3. The plaintiff has always received a W-2 form and reported his wages earned from the defendant to the Internal Revenue Service as income, and has been treated by the defendant as a part-time, wage earning employee for payroll purposes.
4. The Defendant town has allocated in its budget funds for twenty (20) part-time firefighters, including the plaintiff.
5. In addition to fighting fires for the defendant, the plaintiff regularly attends weekly firefighter organizational meetings, annual training classes, and many of the defendant town's events. The plaintiff is not paid compensation by the defendant town for activities other than actual fire fighting.
6. On 8 January 1997, the plaintiff was paid an hourly wage of $7.72 for fighting fires for the defendant and, at the time of the hearing in this case, his hourly wage was equal to $9.01.
7. During the 52 weeks preceding his 8 January 1997 injury, the plaintiff earned wages in the total amount of $958.97 in his capacity as a fireman for the defendant. During the same 52 week period, he earned wages in the total amount of $41,447.63 in his capacity as a letter carrier for the U.S. Postal Service.
8. The plaintiff's injuries that are the subject of this claim arose out of and in the course of his paid, part-time employment as a fireman for the defendant. The plaintiff was not acting as a "volunteer fireman" at the time of his injury by accident.
9. There is no basis upon which to treat the plaintiff differently than other similarly situated, part-time, wage earning employees for purposes of calculating his compensation rate under the Workers' Compensation Act.
10. The plaintiff was treated conservatively for his injuries that are the subject of this claim by Dr. William Stucky. Dr. Stucky released the plaintiff to return to work on 7 February 1997, and the plaintiff did in fact return to work earning his preinjury wages on that date.
11. On 6 March 1997, the plaintiff obtained the end of the healing period from the injury by accident of 8 January 1997, and as a result thereof has a five percent permanent partial impairment to the right leg, and a five percent permanent partial impairment to the left leg.
12. On 8 January 1997, the plaintiff's average weekly wage earned in the course of his part-time employment with the defendant was equal to $17.46, yielding a compensation rate of $30.00.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff earns an hourly wage for his time spent fighting fires for the defendant. Accordingly, while actually fighting fires, he is not a "volunteer fireman" within the meaning of the Workers' Compensation Act. N.C. Gen. Stat. §97-2(5).
2. When an employee holds two separate jobs and is injured in one of them, his compensation rate is based only on his average weekly wages earned in the employment producing the injury.Joyner versus A.J. Carey Oil Company, 266 N.C. 519,146 S.E.2d 447 (1966).
3. On 8 January 1997, the plaintiff's average weekly wage in his employment with the defendant was $17.46, yielding a compensation rate of $30.00. N.C. Gen. Stat. § 97-32.
4. On 8 January 1997, the plaintiff sustained an injury by accident arising out of and in the course of his part-time employment as a fireman with the defendant, resulting in bilateral knee injuries, and as a result thereof was temporarily totally disabled from 9 January 1997 through 7 February 1997, entitling him to compensation at the rate of $30.00 per week for the aforementioned period, subject to a credit to the defendant for temporary total disability compensation paid heretofore. N.C. Gen. Stat. §§ 97-2(6); 97-29.
5. The plaintiff reached maximum medical improvement from the injury by accident giving rise hereto on 6 March 1997 and as a result thereof he retains five percent permanent partial impairment to the right leg, and five percent permanent partial impairment to the left leg, for which he is entitled to compensation at the rate of $30.00 per week for a period of 20 weeks commencing on 6 March 1997. N.C. Gen. Stat. § 97-31(15).
6. The plaintiff is entitled to have the defendant pay all medical expenses incurred for treatment that is reasonably necessary to effect a cure of, provide relief from, or lessen the period of disability related to the 8 January 1997 injury by accident. N.C. Gen. Stat. §§ 97-2(19); 97-25.
***********
The foregoing stipulations, findings of fact, and conclusions of law engender the following
 AWARD
1. Under the law, the plaintiff's claim that he should be treated as a volunteer fireman for purposes of determining his average weekly wage and compensation rate must be, and the same is, DENIED.
2. The defendant shall pay the plaintiff compensation for temporary total disability at the weekly rate of $30.00 per week from 9 January 1997 through 7 February 1997, subject to a credit to the defendant for temporary total disability compensation paid heretofore.
3. The defendant shall pay the plaintiff compensation for permanent partial disability at the rate of $30.00 per week for a period of 20 weeks commencing on 6 March 1997. As said sum has accrued, it shall be paid in a lump sum.
4. The defendant shall pay all medical compensation incurred by the plaintiff through 6 March 1997 as a result of the injury by accident giving rise hereto, in amounts approved by, or in accordance with the fee schedule established by, the Industrial Commission.
5. Each party shall bear its own costs.
This the ___ day of November 1998.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________ CHRISTOPHER SCOTT COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER
LKM/jth